UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

GARY KENDALL,

  Plaintiff,

vs.

CITY OF BOISE, *et al.*,

  Defendants.

Case No.: CV 09-306-S-EJL-REB

**REPORT, RECOMMENDATION, AND ORDER**

Pending before the Court is Plaintiff's Application for Order to Proceed In Forma Pauperis (Docket No. 1). The District Court has referred this action to the undersigned for all pretrial matters. (Docket No. 9). Accordingly, having carefully reviewed the record and otherwise being fully advised, the Court enters the following Report and Recommendation.

## I. BACKGROUND

Plaintiff Gary Kendall ("Plaintiff" or "Kendall") is a tenant in a HUD sponsored affordable housing project managed by the Boise City Housing and Community Development. Compl., p. 5 (Docket No. 3). Kendall filed a Complaint of Conspiratorial Deprivation of Civil Rights under Color of Law ("Complaint") against thirteen Defendants he alleges are officers or employees of the City of Boise and "hold either direct management or direct supervisory responsibility to ensure that the United States Codes and Codes of Federal Regulations applicable to the management and tenants of HUD sponsored housing projects are adhered to at all times." Compl., p. 4-6 (Docket No. 3). The named Defendants are: (1) the City of Boise; (2)

**REPORT, RECOMMENDATION, AND ORDER - 1**

Mary Elizabeth Watson, Deputy City Attorney; (3) Cary B. Colaianni, City Attorney; (4) Jim A. Birdsall, Boise City Housing and Development Manager; (5) Jeff Street, Boise City Housing Manager; (6) Tami Dodel, Boise City Housing Property Manager; (7) David H. Beiter, Mayor of Boise; (8) David Eberle, City Council President; (9) Elaine Clegg, City Councilperson; (10) Vern Bisterfeldt, City Councilperson; (11) Maryanne Jordan, City Councilperson; (12) Alan Shealy, City Councilperson; and (13) Jim Tibbs, City Councilperson. *Id.* at p. 1. All individual Defendants are being sued in their official and individual capacities. *Id.*

Kendall alleges that he "made complaint to Boise City housing management" and others about what he believes are violations of his civil rights and retaliation for his filing complaints about eviction practices of Boise City Deputy Attorney Mary Elizabeth Watson ("Watson"). Kendall asserts that those eviction practices violated federal regulations.[1] *Id.* at pp. 5-6. Kendall further alleges that Watson filed a "complaint and summons for eviction upon [Kendall] after Boise City Police officers responded to several complaints of assault by [Kendall] upon another tenant . . . in which the City of Boise Police investigated twice and found no evidence and no witnesses." Compl., p. 6.

Based on these facts, Kendall claims that all Defendants committed intentional deprivations of Kendall's civil rights, under color of law, and/or participated in a conspiracy to do so. *Id.* at 1. For relief, Kendall seeks monetary damages in the millions of dollars. *Id.* at pp.

---

[1] There is some discrepancy in the factual assertions. Kendall first asserts that he was not served with eviction notices, *see* Compl., p. 6, ¶ 9, but later states that on September 19, 2008, he was served with a copy of "Eviction Warning: Notice to pay rent Or Deliver Possession of Property," which he received by U.S. Mail on September 27, 2008, *see id.* at p. 13, ¶ 14. He argues that this eviction notice was "in direct violation of the mandatory 30 day period specified in, 24 CFR § 274.1." *Id.* at pp. 13-14. Either way, Kendall takes issue with the eviction procedure used.

**REPORT, RECOMMENDATION, AND ORDER - 2**

21-23.

## II. IN FORMA PAUPERIS PETITION

Kendall seeks to bring this suit in forma pauperis, meaning without payment of the applicable fees. *See* Petition to Proceed in Forma Pauperis and Affidavit of Indigency in Support (Docket No. 1). For the reasons set forth below, the Court will grant the Petition.

**A.     Standard**s

Pursuant to federal statute, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis ("IFP") status, the plaintiff must submit an affidavit that includes a statement of all assets he possesses and that he is unable to pay the fee required. *Id.*

The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide himself and dependants "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation omitted).

**B.     Plaintiff Qualifies for In Forma Pauperis Status**

Kendall reports his monthly income at $931.00, with corresponding monthly expenditures for rent, food, laundry, communications, vehicle, and other expenses in the amount of $931.00. Petition & Aff., p. 3 (Docket No. 2). Although Kendall listed as an asset a 1992 Dodge pick-up with an estimated value of $500.00, his debts amount to $5,809.00. *Id.* As

**REPORT, RECOMMENDATION, AND ORDER - 3**

required by 28 U.S.C. § 1915(a)(1), Plaintiff has attested that he is unable to pay costs or to give security in order to pursue this action. *Id.* at p. 2. For these reasons, Plaintiff is granted leave to proceed in forma pauperis.

### III. INITIAL REVIEW REPORT

**A.     Standards**

Upon granting in forma pauperis status, the Court must review the Complaint, including each of the claims alleged therein, 28 U.S.C. § 1915(e)(2), and dismiss the Complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(i-iii).

Generally, in conducting this review, pro se pleadings must be liberally construed and pro se plaintiffs must be given the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Additionally, if the Complaint can be saved by amendment, Plaintiff should be notified of the Complaint's deficiencies and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

However, "[i]n determining whether a complaint is frivolous, a court is *not* bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992) (emphasis in original). The Court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.*; *see also O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (holding a complaint submitted in forma pauperis "is frivolous if it

has no arguable basis in fact or law").

B.   **Plaintiff Has Not Sufficiently Alleged Facts to Support Claims Under Certain Regulations**

It is recommended that, to the extent Kendall alleges claims based on violations of 24 C.F.R. §§ 401.200, 401.311, 901.1, and 901.200, those claims be dismissed with leave to amend because Kendall has not alleged any facts showing that any Defendant is in violation of those regulations. *See* Compl., pp. 10-12.

C.   **Plaintiff's Criminal Claims Should Be Dismissed With Prejudice**

Kendall alleges that some Defendants have committed felony violations of a criminal statute. *See, e.g.*, Compl., p. 16, ¶ 2. To the extent Kendall is seeking to bring claims under criminal statutes, it is recommended that those claims be dismissed, with prejudice. Criminal statutes generally do not provide a basis for civil liability. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

D.   **Plaintiff Has Not Sufficiently Alleged an Equal Protection Claim**

Kendall also alleges that his right to equal protection has been violated. "In order to claim a violation of equal protection in a class of one case, the plaintiff must establish that the City intentionally, and without rational basis, treated the plaintiff differently from others similarly situated." *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008). Here, Kendall has failed to make any allegations that the Defendants have treated him differently from others similarly situated. This claim, therefore, should be dismissed with leave to amend.

E.   **The Allegations Do Not Support Claims Against Eleven of the Defendants**

Kendall brings this lawsuit for deprivation of civil rights against thirteen Defendants. As explained more fully below, the only claims with enough substance to survive an initial review

**REPORT, RECOMMENDATION, AND ORDER - 5**

are those made against the City of Boise and Defendant Watson. Therefore, it is recommended that the district judge dismiss all claims against the other eleven Defendants because those claims fail to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Federal law provides that "[e]very person who, under color of [law], subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . or other proper proceeding for redress." 42 U.S.C. § 1983. Fundamentally, "to sustain an action under 42 U.S.C. § 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 206) (quoting *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989)).

Municipalities and other local government units are "persons" to whom Section 1983 applies. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690 (1978). Nonetheless, a municipality will not be held liable under Section 1983 for the acts of an employee absent an institutional policy or custom that results in a constitutional deprivation. *Id.* "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers." *Id.* The municipal policy that results in municipal liability need not be formal or official. Local governments may be sued "for constitutional deprivations visited pursuant to government 'custom' even though such a custom has not received formal approval

**REPORT, RECOMMENDATION, AND ORDER - 6**

through the body's official decision making channels." *Id.* at 690-91.

Section 1983 is a "vehicle whereby plaintiffs can challenge actions by government officials." *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979); *see also Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 978 (9th Cir. 2004). In other words, "the statute provides the citizen with an effective remedy against those abuses of state power that violate federal law." *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 119 (1992). Thus, there must be an underlying violation of Plaintiff's federal constitutional or statutory rights to sustain a claim under 42 U.S.C. § 1983.

Kendall alleges that his right to due process has been violated. In the context of screening his claims on initial review, the Court will assume that Kendall has alleged a right protected under Section 1983. Kendall alleges that the City violated the statutory requirements for notices of eviction, claiming that Defendant Watson, a Boise City Attorney, has "filed her further evictions proceedings . . . a full 20 and 19 days short of the mandatory 30 day period specified in, 24 CFR § 274.4." Compl., p. 14. Giving Kendall the benefit of the doubt at this stage of the proceedings, he has sufficiently alleged that a custom was in place that deprived him of his federal rights. *Cf. Christie v. Iopa*, 176 F.3d 1231, (9th Cir. 1999) (holding plaintiffs did not satisfy requirement of longstanding policy or custom, because alleged county official singled them out for unique treatment). Therefore, it is recommended that the District Court find the allegations in the Complaint against the City of Boise sufficient to withstand an initial review.

Kendall's allegations also are sufficient to uphold the claims against Defendant Watson on initial review. Defendant Watson is the only Defendant specifically identified in the Complaint and the allegations directly connect her with the eviction notices that allegedly

violated Kendall's federal rights. Therefore, to the extent Kendall has met his pleading burden and alleged facts sufficient to support a claim against the City of Boise, he has also met his burden in pleading facts sufficient to support the claims against Watson.

In contrast, the allegations are not sufficient to support a Section 1983 claim against any of the eleven remaining individual Defendants. Kendall does not allege any specific acts attributed to these individual Defendants, instead alleging that each of the them is an officer or employee of the City of Boise and should be held liable for the alleged constitutional deprivations, because they:

> (1) "hold either direct management or direct supervisory responsibility to ensure that the United States Codes and Codes of Federal Regulations applicable to the management and tenants of HUD sponsored housing projects are adhered to at all times;" and
>
> (2) "each hold individual responsibility to know the contractual requirements and applicability of the applicable United States Codes and Codes of Federal Regulations applicable to their positions of management of a HUD financed and sponsored housing project."

Compl. at p. 4. These allegations are insufficient, as a matter of law, to support a claim against the remaining Defendants either in their official or personal capacities.

As a preliminary matter, Kendall's argument for liability against these eleven Defendants appears to be premised upon negligence or inaction and such allegations are inconsistent with a section 1983 action against municipal employees in their official capacities. "[A] local governmental body may be liable if it has a policy of inaction and such inaction amounts to a failure to protect constitutional rights." *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992)

**REPORT, RECOMMENDATION, AND ORDER - 8**

(citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). However, the policy of inaction must be more than mere negligence, *see Daniels v. Williams*, 474 U.S. 327, 333-36 (1986); it must be a conscious or deliberate choice among various alternatives. *See Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001).

> To impose liability on a local governmental entity for failing to act to preserve constitutional rights, a section 1983 plaintiff must establish: (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'

*Oviatt*, 954 F.2d at 1474 (quoting *City of Canton*, 489 U.S. at 389-91).

Here, Kendall seems to suggest that the remaining Defendants are liable under Section 1983 due to the fact that they were responsible for but did not ensure that the correct HUD regulations were applied. To be read inferentially, in a manner for the benefit of Kendall, would have the Court accept a premise that the elected officials and department heads of a large city were somehow involved in either directing or condoning a practice of handling eviction notices associated with a public housing facility in such a way as to intend to violate or be *deliberately* indifferent to Kendall's constitutional rights. Such a reading stretches too far the almost entirely bare nature of the allegations against the other individuals and is inconsistent with the requirements for an inaction claim, which require more than mere negligence, even if negligence itself could be reasonably inferred. Therefore, it is recommended that the official capacity claims against the eleven remaining Defendants be dismissed, without prejudice.

Moreover, a suit against a municipal officer or other employee in his official capacity is really just another way of suing the municipality. *See Chaloux v. Killeen*, 886 F.2d 247, 250 (9th

**REPORT, RECOMMENDATION, AND ORDER - 9**

Cir. 1989) (citing *Monell*, 436 U.S. at 690, n. 55 ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.")). When a municipal official is sued in his official capacity, it is the municipality that is ultimately liable for any constitutional harm." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Thus, it has been said that "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 165-66. Accordingly, dismissing the remaining Defendants in their official capacities will not affect Kendall's ability to recover for any claimed constitutional deprivations allegedly occasioned by these individuals acting in their official capacities, because such liability will be borne by the City of Boise.

Finally, Kendall's allegations are also insufficient to support personal-capacity claims against the remaining Defendants. "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Id.* A person deprives another of a constitutional right when that person "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Direct participation is required, but the "requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id.* at 743-44; *see also Fuller v. County of Orange*, 276 Fed.Appx. 675, 678-79 (9th Cir. 2008).

In limited circumstances, a person can also be subject to Section 1983 liability for the acts of others. Although there is no pure respondeat superior liability under 42 U.S.C. § 1983, a

**REPORT, RECOMMENDATION, AND ORDER - 10**

supervisor is liable for the constitutional violations of subordinates "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). However, to support a claim under 42 U.S.C. § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution." *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, (May 18, 2009).

In the instant case, the allegations do not meet this standard. Even giving Kendall every benefit of the doubt, it is impossible to conclude from the facts alleged how any of the remaining Defendants, through his or her own actions, violated Kendall's rights. Therefore, the claims against the remaining Defendants, in their personal and official capacities, should be dismissed.

**F.     This Case Cannot Be Certified As A Class Action**

Kendall also seeks to bring this case as a class action. Compl., p. 18 (Docket No. 3). However, Kendall is not an attorney. While Kendall may appear *in propria persona* on his own behalf (28 U.S.C. § 1654), he has no authority to appear as an attorney for other persons in a class action. *McShane v. U.S.*, 366 F.2d 286, 288 (9th Cir. 1966). Also, Kendall fails to meet the adequate representation standard of Rule 23(a)(4). "This rule is an outgrowth not only of the belief that a layman, untutored in the law, cannot 'adequately represent' the interests of the members of the 'class,' but also out of the long-standing general prohibition against even attorneys acting as both class representative and counsel for the class." *Torrez v. Corrections Corp. of America*, CV 09-2298-PHX-MHM, 2010 WL 320486, *1 (D. Ariz. January 20, 2010) (*quoting Huddleston v. Duckworth*, 97 F.R.D. 512, 514 (N.D. Ind. 1983)). Kendall therefore cannot prosecute the instant action as a class action. *Id. See also Welch v. Terhune*, 11

Fed.Appx. 747, 747(9th Cir. 2001)(citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

## IV. RECOMMENDATION

The undersigned recommends that the district judge:

1. Dismiss claims based on violations of 24 C.F.R. §§ 401.200, 401.311, 901.1, and 901.200, without prejudice;

2. Dismiss with prejudice all claims based on criminal statutes;

3. Dismiss without prejudice Plaintiff's equal protection claim;

4. Dismiss the following Defendants, in their official and individual capacities, from this lawsuit: Cary B. Colaianni, City Attorney; Jim A. Birdsall, Boise City Housing and Development Manager; Jeff Street, Boise City Housing Manager; Tami Dodel, Boise City Housing Property Manager; David H. Beiter, Mayor; David Eberle, Councilperson; Elaine Clegg, Councilperson; Vern Bisterfeldt, Councilperson; Maryanne Jordan, Councilperson; Alan Shealy, Councilperson; and Jim Tibbs, Councilperson; and

5. Require Plaintiff to file an amended complaint that incorporates these rulings.

## V. REQUEST FOR JOINDER

Kendall requests that the Court join this case with the following cases filed against the same or similar defendants: CV08-425 (Michalk), CV09-11 (Smogonovich), CV09-72 (Lint). Compl., pp. 17-18 (Docket No. 3). The Court denies this request because all of these cases have now been dismissed. *See Smogonovich*, CV09-11, Order of Dismissal (Docket No. 14); *Lint*, CV09-72, Order of Dismissal (Docket No. 8); *Michalk*, CV 08-425, Order of Dismissal (Docket No. 23).

## VI.  PETITION FOR PARITY

Kendall filed a "Petition for Parity," asking the Court to authorize him to use an electronic access account for the Court's Case Management system ("ECF"), free of all fees and charges. Petition, p. 2 (Docket No. 6). The Court's ECF Procedures allow a party who is not represented by an attorney to participate in the required ECF training and register as a Registered Participant in the Electronic Filing System solely for purposes of the action in which the party is named. D. Idaho L. Civ. R. 5.1(b); ECF Procedures 3(A)(4). In this case, however, where Plaintiff is required to amend his Complaint to proceed further, it is not clear that electronic access will be necessary. Plaintiff is able to file documents through the Clerk's Office and via U.S. Mail, so he has adequate access to participate in this case. Moreover, although Plaintiff argues that he is entitled to the exact equal access provided to licensed attorneys, for which he should not be required to pay, he cites to no authority to support this contention. Accordingly, the Petition is denied, but without prejudice to reconsideration at a later time.

## VII.  ORDER

Based on the foregoing, IT IS HEREBY ORDERED that

1. Plaintiff's Petition to Proceed in Forma Pauperis (Docket No. 1) is GRANTED.

2. Plaintiff's request for joinder of cases (contained in Docket No. 3), is DENIED.

3. Plaintiff's Petition for Parity (Docket No. 6) is DENIED, without prejudice.

DATED: **August 13, 2010.**

Honorable Ronald E. Bush
U. S. Magistrate Judge

**REPORT, RECOMMENDATION, AND ORDER - 13**